UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STANLEY BREWER,

                Petitioner,

    - against -

SUPERINTENDENT WILLIAM LEE,

                Respondent.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-4051 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* petitioner Stanley Brewer seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Pet. (Doc. No. 1).) Earlier, this Court ordered Brewer to show cause why his petition should not be dismissed for his no longer being in custody pursuant to the conviction he seeks to challenge, or otherwise dismissed as time-barred. (Mem. & Order (Doc. No. 9).) Brewer responded that he is still in custody pursuant to the conviction he seeks to challenge and that the statute of limitations should be tolled. (Pet'r Reply (Doc. No. 10).) For the reasons set forth below, the petition is dismissed as time-barred.

## BACKGROUND

These facts are taken from Brewer's petition and reply and are assumed to be true for the purposes of this Order. On October 16, 2003, Brewer pleaded guilty to three counts of burglary in the second degree in Kings County Supreme Court. (Pet. at 1.) He was sentenced on October 30, 2003, to concurrent terms of five years of imprisonment, followed by five years of post-release supervision. (Pet. at 43–44, ¶¶ 2–3). He did not appeal his conviction, but in 2006 and 2013, he filed post-conviction motions. (Pet'r Reply ¶¶ 6–14.) Brewer absconded from work release on January 8, 2006, while serving his sentence for his 2003 conviction and was arrested

1

11 days later and charged with multiple offenses, including 23 counts of burglary. (*Id.* ¶¶ 2–3.) Following conviction, he was sentenced on August 2, 2007, as a second violent felony offender to a determinate term of 15 years. (*Id.* ¶¶ 3–5.) Brewer argues that under New York law, the remaining 716 days of his sentence for his 2003 conviction is consecutive to his 2007 sentence.[1] (*Id.* ¶ 5.)

Brewer's conviction became final on December 1, 2003, 30 days after his sentencing. (Mem. & Order at 5.) Therefore, he had until December 1, 2004, to file a habeas petition or to trigger tolling by filing a state post-conviction motion. (*Id.*)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The relevant subsection here provides that the limitations period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

This one-year period is subject to both statutory and equitable tolling. Under 28 U.S.C. § 2244(d)(2), "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As the Second Circuit explains,

---

[1] Since Brewer's 2003 sentence was extant at the time this petition was filed and runs consecutive to his current 2007 sentence, and because Brewer may not be released from custody until it is served, the Court assumes, without deciding, that Brewer is "in custody" pursuant to his 2003 conviction for the purposes of 28 U.S.C. § 2254(a). *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding that a petitioner in state custody may challenge the first of multiple, consecutive sentences imposed – even where the first sentence has already been served – because the multiplicity of sentences represents "a continuous stream" of custody under 28 U.S.C. § 2254(a)).

"proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). In other words, a pending state relief application can pause the clock, but that application must itself be filed within the one-year limitations period. For equitable tolling to apply, the petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17.

### I. Timeliness Under 28 U.S.C. § 2244(d)(1)(A)

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period for a § 2254 petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Brewer's conviction became final on December 1, 2003, when the 30-day period to file a direct appeal of his conviction expired. N.Y. Crim. Proc. Law § 460.10(1); *Atkins v. Gonyea,* No. 12-CV-9186 (JGK), 2014 WL 199513, at *1 (S.D.N.Y. Jan. 17, 2014); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (*per curiam*). Thus, Brewer had until December 1, 2004, to file his habeas corpus petition. This petition, however, was submitted to prison authorities for mailing on July 11, 2016, over 11 years after the limitations period had expired. This petition is therefore time-barred under 28 U.S.C. § 2244(d)(1)(A).

Section 2244(d)(2), however, provides that the one-year statute of limitations, including is tolled while "a properly filed application for State post-conviction or other collateral review

---

[2] Based on the facts alleged in Brewer's petition and reply, subsections (B)–(D) do not apply.

3

with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz*, 199 F.3d 116, 118–19 (2d Cir. 1999). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett*, 199 F.3d at 120. "The post-conviction proceeding, however, does not start the one-year period to run anew." *Thomas v. Martuscello*, No. 13-CV-893, 2013 WL 782902 (DLI) (LB), at *2 (E.D.N.Y. Feb. 28, 2013). Rather, "[t]he statute merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation." *Id.* (citing *Smith v. McGinnis*, 208 F.3d 13, 16–17 (2d Cir. 2000)). That is, a post-conviction motion does not restart the limitations period.

Here, petitioner filed two post-conviction "440 motions," but neither was filed within the one-year limitations period. Brewer's first 440 motion was filed in Novermber 2006 and decided on August 3, 2007. (Reply at 3-4). Brewer's second 440 motion was filed in September 2013 and decided on January 23, 2015. (Reply at 4). Brewer sought leave to appeal the denial of the latter 440 motion on March 31, 2015, and his application was denied on July 8, 2015. (Reply at 5). Since neither post-conviction motion was filed within that period, the period had fully elapsed, and subsequent petitions do not toll the lapsed limitations period. Thus, Brewer's 440 motions do not salvage his claim in this Court.

    A.    Equitable Tolling

The one-year statute of limitations under AEDPA may also be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2561–62 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). "The term 'extraordinary' does not refer to the uniqueness of

the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231–32 (2d Cir. 2010) (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

Petitioner argues that he is entitled to equitable tolling because he has exercised "due diligence" since he was convicted of his 2006 crimes. (Reply at 8–13 (listing his appeal, post-conviction motions, and 2013 Freedom of Information Law request).) He posits that his challenges to both convictions are "intertwined" and that his efforts to challenge his 2007 conviction should be considered "due diligence" in pursuing his rights as to his 2003 conviction.

The Court is not persuaded. Regardless of whether Brewer sufficiently pursued his rights with respect to his 2003 conviction, the record is clear that he made no effort to challenge that conviction between 2003 and November 2006, nor does Brewer allege any circumstances that prevented his timely filing. Thus, the Court finds no equitable basis to toll the one-year limitations period prescribed by AEDPA.

B. Actual Innocence

Finally, Brewer implies that he should be excused from AEDPA's one-year statute of limitations because he is actually innocent of the crime for which he was convicted. (Reply at 6–8). As the Supreme Court confirmed in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), actual innocence, if established, warrants an "equitable *exception"* to the statutory time bar. *Id.* at 392 (emphasis in original). To pass through the "actual innocence" gateway, a petitioner must make the same showing of actual innocence required to overcome a procedural bar to habeas review under the miscarriage of justice prong. *Id.* at 386. The standard is "'demanding' and seldom met." *Id.* at 386 (citing *House v. Bell*, 547 U.S. 518, 538 (2006)). A claim of actual innocence "must be both 'credible' and 'compelling.'" *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012)

(quoting *House,* 547 U.S. at 521, 538). "For the claim to be 'credible,' it must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Id.* (quoting *House*, 547 U.S. at 538); *see also McQuiggin,* 131 S.Ct. at 1931.

In this case, Brewer suggests that he is actually innocent because the State trial court judge who rendered the 2015 decision denying his 2013 440 motion "plainly misapprehended and ignored the . . . document [that Brewer submitted from] the Department of Transportation" which indicated that there has never been a "traffic light or stop sign" at an intersection in Brooklyn, showing that Brewer was improperly stopped for failing to stop at that intersection. (Pet. at 6). He argues in his November 29, 2017 Reply to the order to show cause that "petitioner can invoke the actual innocence gateway . . . because no reasonable juror would have found petitioner guilty of Running a Red Light or Stop Sign that does not exist, beyond a reasonable doubt." It is unclear how this information could render him actually innocent of the multiple burglaries of which he was convicted in 2003; Brewer seems to be arguing that he is actually innocent of failing to stop at the intersection, and therefore should not have been stopped or arrested, not that he is actually innocent of the crimes of which he was convicted. It is the latter that is needed in order to invoke the actual innocence gateway. Brewer provides no facts to support his actual innocence claim beyond concluding that the state court's decision rejecting his false arrest argument was incorrect. Even if the Court were to stretch the information about the

intersection enough to consider it "critical physical evidence," it was not the type of evidence that would be "presented at trial," and it is hardly "compelling" – *i.e.*, more likely than not to raise reasonable doubt in a reasonable juror.  Moreover, this challenge to the basis for the stop and the police officer's alleged misconduct is not "new reliable evidence." Petitioner and his trial lawyer discussed this issue before he pleaded guilty.  Thus, the Court finds no credible and compelling basis for a claim of actual innocence.

## CONCLUSION

For the reasons set forth above, Brewer's instant habeas petition is dismissed as time-barred.  Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *see also Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112–13 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to enter judgment and close this case.

The Clerk of Court is further directed to send a copy of this Memorandum and Order to petitioner and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge